UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITY RECORDS L.L.C.,
ELEKTRA ENTERTAINMENT GROUP
INC., MOTOWN RECORDS COMPANY, L.P.,
WARNER BROS. RECORDS, INC., SONY
MUSIC ENTERTAINMENT INC., UMG
RECORDINGS, INC., and ARISTA
RECORDS, INC.,                                         CASE NO. 05-CV-73727-DT
                                                       HON. LAWRENCE P. ZATKOFF

      Plaintiffs,

vs.

BRITTANY CHAN,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Appoint Guardian Ad Litem for

defendant Brittany Chan (Docket #4).  On January 5, 2006, Plaintiffs' counsel appeared before the

Court to present oral arguments in support of the Motion.  For the reasons that follow, Plaintiffs'

Motion to Appoint Guardian Ad Litem for defendant Brittany Chan is DENIED WITHOUT

PREJUDICE.

## II.  BACKGROUND

**A.      History**

In late 2004, Plaintiffs filed a lawsuit against Candy Chan (the current defendant's mother) because an e-mail address at an Internet Protocol ("IP") address registered to Candy Chan allegedly was used to copy 829 files of the Plaintiffs and participate in the peer-to-peer distribution of such files.  Subsequently, it was learned that one of Candy Chan's children might have used the e-mail address in question ("*spicybrwneyedgrl@fileshare*").  In the course of deposing Candy Chan, it was ascertained that the current defendant, Brittany Chan, used that e-mail address.

The Plaintiffs sought to amend their Complaint to add Brittany and the parties had agreed that a guardian ad litem for Brittany Chan would be appointed using the Saginaw Probate Court's revolving list of guardians (Candy Chan was not an option at the time because her interests could have been adverse to those of Brittany Chan).  The Plaintiffs later reversed course and asked the Court to dismiss Candy Chan with prejudice.  In May, the Court dismissed, with prejudice, the case against Candy Chan.

On September 29, 2005, the Plaintiffs filed the instant action against Brittany Chan and the Summons and Complaint (together with the instant motion to appoint guardian ad litem) were served on Brittany Chan c/o Candy Chan the same day.  To date, no answer to the Complaint nor any response to the instant motion has been filed by Brittany Chan or anyone on her behalf.

**II.      Present Motion**

In their present motion, the Plaintiffs ask the Court to appoint a guardian ad litem for Brittany Chan (who is 15 or 16 years old now).  The Plaintiffs suggest that because Candy Chan

2

revealed statements made by Brittany Chan (which would constitute non-hearsay party admissions pursuant to Fed. R. Evid. 801(d)(2)(A)), and because Brittany Chan would have to vigorously cross-examine Candy Chan about such statements, Candy Chan is not an appropriate guardian ad litem to represent Brittany Chan's best interests.

### III.  ANALYSIS

Plaintiffs rely on Fed. R. Civ. P. 17(c) in support of their motion to appoint a guardian ad litem to represent a minor who has been named as a defendant:

> Whenever an infant or an incompetent person has a representative , such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person.  An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or a guardian ad litem.  The court **shall** appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Plaintiffs argue that although the law values the relationship between a parent and a child, Rule 17(c) requires the appointment of a different guardian ad litem where there is a conflict of interest between the two, as is the case here.  Plaintiffs contend that the Court has already recognized a conflict of interest in this case between Candy Chan and Brittany Chan and that such conflict of interest does not disappear with the dismissal of the case against Candy Chan.  The Plaintiffs further contend that as Candy Chan and the Plaintiffs previously submitted a stipulation for the appointment of an independent guardian ad litem for Brittany Chan by the Saginaw County Probate Court, Candy Chan should not be able to now assert that she is an acceptable guardian ad litem.  Based on the past conflict of interest that may have existed between Brittany and her mother, as well as the possibility that Candy Chan and/or her husband (and Brittany's father) could still be sued for the activity at

3

issue under a parental responsibility claim, the Court concludes that it would not be appropriate to appoint either of Brittany Chan's parents as a guardian in this case.

Pursuant to Rule 17(c), the Court finds that it is necessary to appoint an independent guardian ad litem to defend the interests of the minor defendant, Brittany Chan. Unfortunately, the Court is not satisfied that Plaintiffs' proposal of appointing an independent guardian ad litem from the Saginaw County Probate Court's revolving list of guardian ad litems would best serve the interests of Brittany Chan and the interests of justice. The Court contacted the Saginaw County Probate Court and learned that currently there is no such revolving list of guardian ad litems in that court. Rather, that court currently uses contract attorneys who must be available to that court on designated days. As this Court does not set its schedule based on the schedule of the Saginaw County Probate Court, the use of such contract attorneys is not feasible in this case.

The Court is also troubled by the manner in which such guardian ad litem is to be paid. While it agrees that it would be inappropriate for the Plaintiffs to pay the guardian ad litem directly, the fact of the matter is that such guardian ad litem must be compensated for his or her services as such services are provided (versus a payment at the conclusion of the litigation). The Court suggests that one manner of compensating the guardian ad litem could be to establish an escrow funded by the Plaintiffs. The guardian ad litem could be paid from such fund, pending the resolution of this matter and a determination by the Court of which party should be responsible for paying the cost of Ms. Chan's guardian ad litem. This suggestion is non-binding, and Plaintiffs must reach their own decision on the manner in which they decide to proceed.

4

For the reasons set forth above, the Court HEREBY ORDERS Plaintiffs to submit to the Court, in writing within 15 days of the date of this Order, a functional proposal for the appointment of a guardian ad litem for Brittany Chan, as well as a manner of paying such guardian ad litem during the pendency of this action.

## IV. CONCLUSION

For the above reasons, Plaintiffs' Motion to Appoint Guardian Ad Litem is DENIED WITHOUT PREJUDICE.


IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 13, 2006.


s/Marie E. Verlinde
Case Manager
(810) 984-3290