UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITY RECORDS L.L.C.,
ELEKTRA ENTERTAINMENT GROUP
INC., MOTOWN RECORDS COMPANY, L.P.,
WARNER BROS. RECORDS, INC., SONY
MUSIC ENTERTAINMENT INC., UMG
RECORDINGS, INC., and ARISTA
RECORDS, INC.,   CASE NO. 05-CV-73727-DT
  HON. LAWRENCE P. ZATKOFF

     Plaintiffs,

vs.

BRITTANY CHAN,

     Defendant.
_____/

## OPINION AND ORDER

### I.  INTRODUCTION

This matter is before the Court on Plaintiffs' Response to the Court's Opinion and Order Regarding the Appointment and Payment of a Guardian Ad Litem for Defendant Brittany Chan (Docket #8).  For the reasons that follow, Plaintiffs' cause of action is DISMISSED.

### II.  BACKGROUND

This is the second cause of action that Plaintiffs have filed against members of the Chan family. The first cause of action was filed in late 2004 against Defendant's mother, Candy Chan. Plaintiffs eventually asked the Court to dismiss Candy Chan with prejudice, and in May 2005, the Court dismissed the case against Candy Chan, with prejudice.

Four months later, Plaintiffs filed the instant action against the current Defendant, Brittany Chan, who is now 15 or 16 years old. The Summons and Complaint (together with a motion to appoint guardian ad litem) were served on Brittany Chan c/o Candy Chan. To date, no answer to the Complaint nor any response to the instant motion has been filed by Brittany Chan or anyone on her behalf.

On January 5, 2006, the Court heard Plaintiffs' arguments with respect to its Motion to Appoint Guardian Ad Litem. On February 13, 2006, the Court issued an Opinion and Order denying Plaintiffs' request to have the Saginaw County Probate Court appoint a guardian ad litem from its alleged revolving list of guardian ad litems. In finding that it was not feasible to use a guardian ad litem appointed from Saginaw County Probate Court, and expressing the Court's concern with how a guardian ad litem would be paid during the pendency of this action, the Court ordered "Plaintiffs to submit to the Court, in writing within 15 days of the date of this Order, a functional proposal for the appointment of a guardian ad litem for Brittany Chan, as well as a manner of paying such guardian ad litem during the pendency of this action." On March 13, 2006 (within the extension period subsequently granted by the Court), Plaintiffs filed their response.

### III.  ANALYSIS

In the course of Plaintiffs' actions against the Chan family members, the Court has exercised great care to ensure that the rights and claims of all parties involved are respected. To that end, the Court held a hearing on Plaintiffs' Motion for Appointment of Guardian Ad Litem in January 2006 and called the Saginaw County Probate Court to determine whether the appointment of a guardian from its revolving list was possible. In learning that it was not, the Court denied Plaintiffs' motion

without prejudice and ordered that Plaintiffs provide the Court with "a functional proposal for the appointment of a guardian ad litem for Brittany Chan, as well as a manner of paying such guardian ad litem during the pendency of this action." The purpose of doing so was to enable the case to proceed and assist the Plaintiffs in ensuring that it did so.

In its response, Plaintiffs respectfully declined the Court's suggestion to have Plaintiffs pay into escrow Defendant's guardian ad litem fees and asked the Court to look to the Defendant and her parents for payment first. In support of that argument, Plaintiffs argue:

(1) Plaintiffs have already been damaged as a result of Defendant's conduct (the Court notes, however, that such conduct is alleged and not proven);

(2) Plaintiffs would be victimized a second time if they had to pay her fees now because if they did so, it might be tantamount to having them pay her fees at the end of the matter;

(3) Plaintiffs are likely to prevail on the merits and thus not legally responsible for the costs of the guardian ad litem;

(4) There is no reason at this point to believe that Defendant could not pay the fees herself, as neither Defendant nor her parents have indicated that she lacks the resources to pay for the guardian ad litem;

(5) The parental responsibilities of Defendant's parents for their daughter's actions outweigh any responsibility to pay for her defense that Plaintiffs have and Defendant's parents have the means to pay for such defense;

(6) In some states, parents that are financially able are required to reimburse the court for the cost of guardian ad litem services (interestingly, the only cases cited are those involving child custody or visitation cases where no third party is involved); and

(7) Although a guardian ad litem may provide desired advice and assistance to Defendant, it is ultimately a decision for Defendant and her parents as to whether she has that assistance.

The Court shall not address the merits of Plaintiffs' argument regarding the payment of a guardian ad litem for Defendant, however, because Plaintiffs have failed to respond to the Court's

order to submit a functional proposal for the appointment of a guardian ad litem for Defendant. In fact, other than in the caption of Plaintiffs' response, the Plaintiffs have not even acknowledged that such an order was issued. The Court finds Plaintiffs' failure to respond to the order inexplicable in light of the efforts of the Court to work with the Plaintiffs in advancing this case and the fact that Plaintiffs were ordered to provide a proposal. Accordingly, the Court concludes that Plaintiffs' failure to comply with an order of the Court justifies the dismissal of Plaintiffs' action.

## IV. CONCLUSION

For the above reasons, the Court hereby ORDERS that the Plaintiffs' cause of action against Defendant Brittany Chan be DISMISSED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                                          s/Lawrence P. Zatkoff
                                                        LAWRENCE P. ZATKOFF
                                                        UNITED STATES DISTRICT JUDGE

Dated: March 27, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 27, 2006.

                                                        s/Marie E. Verlinde
                                                        Case Manager
                                                        (810) 984-3290