UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITY RECORDS L.L.C.,
ELEKTRA ENTERTAINMENT GROUP
INC., MOTOWN RECORDS COMPANY, L.P.,
WARNER BROS. RECORDS, INC., SONY
MUSIC ENTERTAINMENT INC., UMG
RECORDINGS, INC., and ARISTA
RECORDS, INC.,   CASE NO. 05-CV-73727-DT
  HON. LAWRENCE P. ZATKOFF

    Plaintiffs,

vs.

BRITTANY CHAN,

    Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order and Judgment dismissing Plaintiffs' cause of action (Docket #11). For the reasons set forth below, Plaintiffs' Motion is DENIED.

**I.  APPLICABLE LEGAL STANDARD**

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." United States District Court, Eastern District of Michigan Local Rule 7.1(g). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir.6) 2004; *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General*

*Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

## II. ANALYSIS

The Court has reviewed Plaintiffs' brief which, in essence, contends that the Court should not have dismissed the action in the manner in which it did. Plaintiffs contend that the Court's dismissal with prejudice was unwarranted because their conduct was not contumacious, stubbornly disobedient, rebellious or in bad faith. Plaintiffs also provide the Court with a history of the actions they took in attempting to obtain a Guardian Ad Litem ("GAL") for Defendant.

The Court is not persuaded by Plaintiffs' arguments. First, the Plaintiffs still have presented the Court with no viable option *vis a vis* a GAL for Defendant. Second, Plaintiffs response is consistent with the manner in which they have addressed this entire matter (the previous action against Defendant's mother, Candy Chan, and the instant action against Defendant). Plaintiffs proceed on the basis that the facts of the case are clear, that Plaintiffs should prevail and that there is no defense. For example, Plaintiffs state that Defendant has "admitted infringement of Plaintiffs' copyrighted works." As Defendant has never "spoken" in this or the prior lawsuit, the Court finds it incredulous that Plaintiffs would make such a statement. Third, Plaintiffs seem unable to ascertain who the Defendant in this case (or, more significantly, future cases) should be. Despite dismissing the action against Candy Chan, Plaintiffs continued to take a shotgun approach to assessing liability as they proceeded against Defendant. Fourth, the Court's review of the docket in this matter, as well as the preceding matter, demonstrates that the Court has gone to great lengths to facilitate getting to the merits of this case. At each turn, however, the Plaintiffs have acted obtrusively and failed to comply with the direct orders of the Court. Accordingly, the Court believes that its dismissal of

Plaintiffs' action was warranted.

## III. CONCLUSION

Accordingly, and for the reasons stated above, Plaintiffs' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

           s/Lawrence P. Zatkoff
           LAWRENCE P. ZATKOFF
           UNITED STATES DISTRICT JUDGE

Dated: March 14, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 14, 2007.

           s/Marie E. Verlinde
           Case Manager
           (810) 984-3290